**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| DONGKUK S&C CO. LTD., Plaintiff, v. UNITED STATES, Defendant. | Court No. 26-03136 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Dongkuk S&C Co., Ltd. (hereinafter, "Plaintiff" or "DKSC"), by and through its counsel, alleges and states as follows:

**JURISDICTION**

1. Plaintiff brings this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in *Utility Scale Wind Towers from the Republic of Korea: Final Results of Antidumping Administrative Review; 2023-2024*, 91 Fed. Reg. 32,383 (Dep't Commerce, June 1, 2026) ("*Final Results*"), as it applies to Plaintiff. The Court has jurisdiction over this matter under 19 U.S.C. § 1516a(a)(2) and 28 U.S.C. § 1581(c).

**STANDING**

2. Plaintiff is a foreign producer and exporter of subject merchandise, utility scale wind towers, and was the sole mandatory respondent in the administrative review that is

contested here. Therefore, Plaintiff is an interested party within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiff actively participated in the administrative review through the submission of factual information and written arguments and, thus, is a "party to the proceeding" as defined in 19 C.F.R. § 351.102(b)(36). Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS**

3. The subject *Final Results*, which are being challenged herein, were published in the *Federal Register* on June 1, 2026. *See Final Results*, 91 Fed. Reg. 32,383. On June 24, 2026, within 30 days after the publication of the subject *Final Results*, Plaintiff timely filed a Summons to initiate this action. Accordingly, this action was commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2)(B)(iii). This Complaint is being filed within 30 days after the date on which the Summons was filed. Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

**STANDARD OF REVIEW**

4. This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

**PROCEDURAL HISTORY**

5. On August 26, 2020, Commerce published an antidumping duty order covering utility scale wind towers from the Republic of Korea. *See Utility Scale Wind Towers from*

*Canada, Indonesia, the Republic of Korea, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 85 Fed. Reg. 52,546 (Dep't Commerce Aug. 26, 2020); *see also Utility Scale Wind Towers from Canada, Indonesia, the Republic of Korea, and the Socialist Republic of Vietnam: Notice of Correction to the Antidumping Duty Orders*, 85 Fed. Reg. 56,213 (Dep't Commerce Sept. 11, 2020).

6. On September 20, 2024, Commerce initiated the fourth administrative antidumping review of the utility scale wind towers from Korea covering the period of review ("POR"), i.e., August 1, 2023, through July 31, 2024. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 77,079, 77,081 (Dep't Commerce Sept. 20, 2024).

7. On November 26, 2024, Commerce issued an initial questionnaire to DKSC, the sole mandatory respondent for the fourth administrative review.

8. Between December 2024 and December 2025, DKSC submitted timely responses to Commerce's initial antidumping duty questionnaire and several supplemental questionnaires.

9. On January 16, 2026, Commerce issued the preliminary results of the fourth administrative review in which it calculated a preliminary antidumping duty margin of 4.99 percent *ad valorem* for DKSC. *See Utility Scale Wind Towers from the Republic of Korea: Preliminary Results and Rescission, in Part, of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 2,907 (Dep't Commerce Jan. 23, 2026), and accompanying unpublished Memorandum to Christopher Abbott, Deputy Assistant Secretary for Policy and Negotiations, entitled "Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea; 2023-2024" (Dep't Commerce Jan. 16, 2026).

10. In February and March of 2026, DKSC and the Wind Tower Trade Coalition ("petitioner") submitted case and rebuttal briefs. In its case brief, DKSC argued that Commerce should (a) include the income offset for gains on disposition of tangible assets for profits from DKSC's reported general and administrative ("G&A") expense ratio because the tangible assets in question were sold in late 2023 and cover most of the fiscal year ("FY") 2023 financial data on which the G&A expense ratio was based; and (b) reverse its decision in the preliminary results to calculate DKSC's constructed value ("CV") profit and selling expense ratios using surrogate financial statements of companies that engage in the production of merchandise that is very dissimilar from utility scale wind towers, and instead should have based CV profit and selling expenses on DKSC's actual, above-cost home market sales information from the second administrative review of the underlying proceeding.

11. On April 7, 2026, Commerce conducted a public hearing with legal representatives of DKSC and the petitioner in attendance.

12. On May 26, 2026, Commerce issued its *Final Results* in which it calculated a final weighted-average antidumping duty margin of 4.99 percent *ad valorem* for DKSC. *See Final Results*, 91 Fed. Reg. at 32,383. As part of its final antidumping duty calculations, Commerce continued to exclude gains on the disposition of tangible assets from the calculation of DKSC's G&A expense ratio; and continued to find that the FY 2023 audited financial statements of HanDu Steel Co., Ltd. ("HanDu"), Histeel Co., Ltd. ("HiSteel"), Husteel Co., Ltd. ("Husteel"), and SeAH Steel Corporation ("SeAH") constituted the best information available on the record to serve as surrogate sources for CV profit and selling expenses.

13. The legal bases for Commerce's *Final Results* were set forth in an unpublished Memorandum to Christopher Abbott, Deputy Assistant Secretary for Policy and Negotiations,

entitled "Issues and Decision Memorandum for the Final Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea" (Dep't Commerce May 26, 2026).

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFF'S STATEMENT OF CLAIMS

14. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* of its fourth antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. Commerce's determination to exclude gains on the disposition of tangible assets from the calculation of DKSC's G&A expense ratio—despite substantial record evidence demonstrating that related expenses cover most of the FY 2023 financial data, including nearly a full year's worth of G&A expenses, on which the G&A expense ratio was based, was unreasonable, unsupported by substantial record evidence, and/or otherwise not in accordance with law.

## COUNT TWO

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. Commerce's determination to calculate the CV selling expense and profit ratios based on the simple average of the financial data of HanDu, Histeel, Husteel, and SeAH—despite substantial record evidence demonstrating that Husteel and SeAH mainly engage in

production and sale of non-comparable steel pipes (*e.g.*, oil country tubular goods) that Commerce previously had determined to be dissimilar from the subject merchandise, as well as other aspects of these surrogate companies' commercial activities demonstrating that their data did not approximate DKSC's home market profit experience—was unreasonable, unsupported by substantial record evidence, and/or otherwise not in accordance with law. By refusing to disregard the financial statements of non-comparable merchandise producers whose data reflected significant amounts of transactions with foreign and domestic related parties, Commerce introduced distortions and inaccuracies into the CV profit and selling expense calculations and, in turn, the weighted-average antidumping duty calculations.

19. Furthermore, Commerce's determination not to use DKSC's own above-cost, home market sales information from the second administrative review as the basis for CV profit and selling expenses, despite the fact that Commerce had used this exact source in the immediately two prior administrative reviews as it pertained to the profits and selling expenses of the specific exporter/producer being reviewed and specifically for the subject merchandise, was unreasonable, unsupported by substantial record evidence, and/or otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

20. For the reasons stated above, Plaintiff respectfully requests that the Court:

(a) enter judgment in Plaintiff's favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Jarrod M. Goldfeder
MacKensie R. Sugama
Joo Young (Adelia) Kim

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
Tel: (202) 223-3760
Email: jgoldfeder@tradepacificlaw.com

Dated: July 17, 2026

*Counsel to Plaintiff*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

***Dongkuk S&C Co., Ltd., v. United States,***
**Court No. 26-03136**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2026, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of the United States of America:**

Timothy G. Joseph, Esq.
U.S. DEPARTMENT OF JUSTICE
Commercial Litigation Branch –
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Chief Counsel
U.S. DEPARTMENT OF COMMERCE
Office of the Chief Counsel for
Trade Enforcement and Compliance
1401 Constitute Avenue, NW
Room 3629
Washington, DC 20230

**On other counsel that represented interested parties before the U.S. Department of Commerce in the contested determination:**

*Representative of Wind Tower Trade Coalition*
Laura El-Sabaawi, Esq.
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036

*Representative of Hyosung Heavy Industries Corporation*
J. David Park, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001

/s/ Jarrod M. Goldfeder
Jarrod M. Goldfeder
TRADE PACIFIC PLLC